IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:07-CR-109 |
| | § | |
| JUSTIN ALLEN BROWN | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 28, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Justin Brown. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kelly Pace.

Defendant originally pled guilty to the offense of Mailing a Threatening Communication, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 20 and a criminal history category of VI, was 70 to 87 months. On April 29, 2008, District Judge Michael Schneider sentenced Defendant to 87 months imprisonment, followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include providing access to requested financial information to the probation officer and mental health treatment. On March 24, 2016, the terms of Defendant's supervised release were modified to include a special condition that Defendant reside in a residential reentry center or similar facility. On April 5, 2016, Defendant completed the term of imprisonment and began his term of supervised release. On May 16, 2016, Defendant's term of supervised release was revoked and he was sentenced to a term of 8 months imprisonment followed by two years supervised release with conditions of Defendant's supervised release to include service of up to 180 days at the

CRC in Waco, Texas; compliance with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.); participation in a sex offender treatment program that may include the application of physiological testing instruments; no contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; and search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

Under the terms of supervised release, Defendant was required to reside at the residential reentry center for a period of up to 180 days. In its petition, the government alleges that Defendant violated his condition of supervised release when he was unsuccessfully discharged from the Residential Reentry Center on or about March 16, 2017.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when unsuccessfully discharged from the reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government recommended a sentence of 12 months and one day, that includes 91 days of unserved

community confinement with the sentence commencing on March 17, 2017, and 1 year supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Justin Brown be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and one day, that includes 91 days of unserved community confinement with the sentence commencing on March 17, 2017, and 1 year supervised release to follow. The Court further **RECOMMENDS** sex offender treatment and that the place of confinement be Seagoville, Texas to facilitate sex offender treatment. The Court further **RECOMMENDS** that the following supervised release conditions be added to those already in effect:

(1) Immediately upon release from confinement, Defendant shall reside in a residential reentry center or similar facility for a period of up to 180 says or until a suitable residence is approved by the U.S. Probation Office, at which time he can be released by the U.S. Probation Office.  He shall abide by the rules and regulation of the center and pay subsistence according to the U.S. BOP's guidelines

(2) Defendant shall not purchase, possess, have contact with, or use of devices that include cellular telephones with photographic capability, cellular phones with internet capability, computers, computer peripherals, laptop computers, iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.  Defendant shall also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment.

(3) Defendant shall not possess or view any images in any form of media or in any live venue that depicts "sexually explicit conduct" as defined under 18 U.S.C. § 2256(2)(A), and not limited to the sexual exploitation of children.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief District Judge Ron Clark for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of March, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE